# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DWAYNE E. STANSBURY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | C.A. No. N15C-06-101 FWW |
| v. | ) | |
| | ) | |
| STEPHEN C. GOODWIN and | ) | |
| LIBERTY MUTUAL GENERAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: March 14, 2016
Decided: June 27, 2016

Upon Defendant Liberty Mutual General Insurance Company's Motion for
Summary Judgment
**GRANTED.**

Richard A. DiLiberto, Jr., Esquire, Young Conaway Stargatt & Taylor, LLP, 1000 North King St., Wilmington, Delaware; Attorney for Plaintiff.

Christopher T. Logullo, Esquire, Chrissinger & Baumberger, 3 Mill Road, Suite 301, Wilmington, Delaware; Attorney for Defendant Goodwin.

Jennifer D. Smith, Esquire, Marshall Dennehey Warner Coleman & Goggin, 1007 N. Orange St., Suite 600, Wilmington, Delaware; Attorney for Defendant Liberty Mutual General Insurance Company as to the June 28, 2013 Accident.

Michael L. Sensor, Esquire, Tybout Redfearn & Pell, 750 Shipyard Drive, Suite 400, P.O. Box 2092, Wilmington, Delaware, Attorney for Liberty Mutual General Insurance Company as to the September 16, 2013 Accident.

**WHARTON, J.**

## ORDER

This 27th day of June, 2016, upon consideration of Defendant Liberty Mutual General Insurance Company's ("Liberty Mutual") Motion for Summary Judgment[1] as to the June 28, 2013 accident, Plaintiff's Response and Liberty Mutual's Reply, it appears to the Court that:

1.  Plaintiff and Defendant Goodwin were involved in an automobile collision that allegedly occurred when Defendant Goodwin attempted to exit a parking lot while traffic was stopped at an intersection. In Plaintiff's Complaint, he alleges that "an eastbound truck stopped and signaled [Defendant Goodwin] to enter the roadway."[2] In the Answer to the Complaint, Defendant Goodwin originally indicated: "[a]dmitted that a truck waived [sic] Def. Goodwin into the roadway in question."[3] Defendant Goodwin later amended his Answer to "Denied in full."[4] In answers to interrogatories, Defendant Goodwin described the events leading to the accident, in relevant part, as follows: "[a] truck stopped just before the exit of the parking lot. It

---

[1] This case involves two separate motor vehicle collisions, the first occurring on June 28, 2013, involving Plaintiff and Defendant Goodwin, and the second occurring on September 16, 2013, involving Plaintiff and Defendant Bolton. The Motion for Summary Judgment relates only to Plaintiff's claim for UM benefits related to the June 28, 2013 collision.
[2] D.I. 1, at ¶7.
[3] D.I. 10.
[4] D.I. 23.

allowed there to be enough room for [Defendant Goodwin] to exit."[5]

2. At Defendant Goodwin's deposition on February 11, 2016, as to the actions of the unknown truck driver, he testified:

A. ...The truck had stopped to allow somebody to exit. I don't know that they stopped specifically to let me out. It stopped to allow as a courtesy to drivers the opportunity to either exit right or left.

Q. And that was your interpretation of what the truck was doing, he was stopping as a courtesy to let you know come out either right or turn left and go westbound on Cleveland Avenue?

A. Correct.

Q. And you relied upon that courtesy that this driver permitted you?...

A. I'm not sure exactly what you mean by relied upon in this case.[6]

When asked whether the truck stopped to let him out, Defendant

Goodwin testified:

A. I wasn't even there when he [the truck] had stopped to leave that space, so he didn't stop to allow me out. He had stopped because the traffic had backed up and he didn't want to block people from being able to go. He didn't do that for me. He did that as a courtesy because the traffic had already backed up.[7]

---

[5] D.I. 13.
[6] Goodwin Dep., D.I. 47, Ex. A, at 20:8-21:7.
[7] *Id.* at 21:15-21.

Later, Defendant Goodwin testified:

A. [The truck driver] was just stopping to allow that to be used by somebody to either exit the parking lot or, if somebody was coming from the other direction, to enter the parking lot.

Q. So it did allow you to come out of the parking lot?

A. Correct.

Q. And you relied on that?...

A. I don't know that I relied on it. I used it.

Q. You used it?

A. Yes.

Q. You understood that him stopping short of the egress was to permit you to come out of the parking lot; did you not?

A. To allow me the opportunity, yes.[8]

Finally, Goodwin testified that:

A. I do [understand the question]. That is correct, I did not rely on the truck driver in any way.[9]

Q. When you decided to pull out of the parking lot, were you relying 100% on your own judgment that it was safe to exit the parking lot?

A. Yes.[10]

_____

[8] *Id.* at 23:21-24:16.
[9] *Id.* at 94:1-12.
[10] *Id.* at 95:5-9.

4

3. Liberty Mutual argues that it is entitled to summary judgment because the undisputed facts show that the unidentified truck driver could not have been a proximate cause of Plaintiff's injuries. Liberty Mutual contends that the truck driver did not act negligently because the record establishes that the truck driver did not wave or otherwise signal Defendant Goodwin to enter the intersection. Hence, there is no basis for an Uninsured Motorist ("UM") claim.

4. Plaintiff argues that Liberty Mutual is not entitled to summary judgment because material facts are at issue. Plaintiff asserts that Defendant Goodwin "equivocated" and "vacillated" about whether Defendant Goodwin relied upon the unidentified truck driver's actions. Plaintiff asserts that Defendant Goodwin's crossclaim for contribution and/or indemnification against Liberty Mutual as a UM claim demonstrates that Defendant Goodwin believes, in good faith, that the truck driver was negligent. Plaintiff argues that Defendant Goodwin's testimony that he "used" the truck driver's action as an indication that it was safe to enter the roadway is indistinguishable from saying he "relied" on the truck driver's action.

5. Super. Ct. Civ. R. 56(c) provides that summary judgment is appropriate where there is "no genuine issue as to any material fact"

5

and "the moving party is entitled to a judgment as a matter of law." When considering a motion for summary judgment, the Court's function is to examine the record to determine whether genuine issues of material fact exist "but not to decide such issues."[11] The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[12] If the moving party meets its burden, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact to be resolved by the ultimate fact-finder.[13] Summary judgment will be granted if, after viewing the record in the light most favorable to the non-moving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[14] "Summary judgment motions are disfavored in negligence cases because the fact patterns presented are usually susceptible to more than one interpretation."[15] However, the Court must enter summary judgment where the undisputed facts compel only one conclusion.[16]

6.    In *Evans v. Lattomus*, the Court granted summary judgment when the

[11] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).
[12] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).
[13] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[14] *Merrill*, 606 A.2d at 99-100.
[15] *Price v. Saylor*, 2012 WL 3090923, at *1(Del. Super. July 30, 2012).
[16] *Faircloth v. Rash*, 317 A.2d 871, 871 (Del. 1974).

defendant testified that she did not rely on the unidentified driver's motion to enter the intersection.[17] In response to the question "…[s]o the driver of the SUV did nothing to indicate to you that it was clear to make the left-hand turn 100 percent?" the defendant answered "[c]orrect…"[18] The Court found that the defendant's testimony could only be interpreted to mean that the defendant did not rely on the unidentified driver's actions to determine whether it was safe to enter the intersection.[19]

7.    Similarly, in *Johnson v. Magee*, 2007 WL 4248523, the Court granted summary judgment when the defendant testified that he did not rely on the unidentified driver's actions to enter an intersection prior to an automobile collision.[20] The defendant testified, in part, "…Q. Is it also fair to say that you relied on the wave that you got from the school bus driver [to enter the intersection]? A. No, sir. Q. Why do you say that? A. I used my own judgment…"[21] The Court found that the only conclusion that could be drawn from that testimony was that the defendant never thought the unidentified driver was signaling him to enter the intersection and, therefore, the defendant did not rely on

---

[17] *Evans v. Lattomus*, 2011 WL 664046, at *2 (Del. Super. Feb. 8, 2011).
[18] *Id.*
[19] *Id.*
[20] *Johnson v. Magee*, 2007 WL 4248523, at *3 (Del. Super. Nov. 30, 2007).
[21] *Id.* at *2.

the unidentified driver's actions before entering the intersection.[22]

8. However, in *Hearn v. Garver*, 2013 WL 6039980, the Court denied summary judgment when the defendant "explicitly stated that she relied upon [the unidentified driver's] wave as an indication that she could complete her turn."[23] The defendant testified, in part, "Q. ...is it fair to say that you relied upon the [unidentified driver's] wave out that it was safe to [enter traffic]? A. Yes."[24] The Court found that defendant's reliance on the unidentified driver's action created a material issue of fact regarding the unidentified driver's negligence.[25]

9. Defendant Goodwin's testimony is factually like the testimony in *Evans* and *Johnson*. Defendant Goodwin quite explicitly denied that he relied upon the truck driver's action in deciding to enter the intersection – "I did not rely on the truck driver in any way."[26] Further Defendant Goodwin testified that he was relying 100% on his own judgment that it was safe to exit the parking lot.[27] The record before the Court compels only one conclusion - that the truck driver was not a proximate cause of the accident. There being no genuine issues of

---

[22] *Id.* at *3.
[23] *Hearn v. Garver*, 2013 WL 6039980, at *2 (Del. Super. Nov. 7, 2013).
[24] *Id.*
[25] *Id.*
[26] Goodwin Dep., D.I. 47, Ex. A, at 94:11-12.
[27] *Id.* at 95:5-9.

material fact in dispute, Liberty Mutual is entitled to judgment as a matter of law.

Therefore, Defendant Liberty Mutual General Insurance Company's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

9